UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a National Banking Association,<br><br>    Plaintiff,<br><br>    v.<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC., a/k/a SIERRA PACIFIC MORTGAGE CO., INC., a/k/a SIERRA PACIFIC MTG. CO., INC.,<br><br>    Defendant. | No. 2:13-cv-01397-JAM-KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

    This matter is before the Court on Defendant Sierra Pacific Mortgage Company, Inc.'s ("Defendant") Motion to Dismiss and in the alternative Motion for a More Definite Statement (Doc. #15) in relation to Plaintiff JPMorgan Chase Bank, N.A.'s ("Plaintiff") Complaint (Doc. #1).[1] Plaintiff filed an Opposition (Doc. #16) and Defendant filed an amended Reply (Doc.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 23, 2013.

1

1 | #19).

2 |    I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3 |   The Complaint states three causes of action against
4 | Defendant: (1) breach of contract (breaches of representations
5 | and/or warranties), (2) breach of contract (obligation to
6 | repurchase loans), and (3) indemnity or in the alternative
7 | specific performance.  The following factual summary is derived
8 | from Plaintiff's complaint.

9 |   Plaintiff is a national banking association organized under
10 | the laws of the United States.  Comp. ¶ 1.  Defendant is a
11 | California corporation doing business as a residential finance
12 | lender and mortgage banker.  ¶ 2.  In May 1996, the parties
13 | entered into a written Correspondent Origination and Sales
14 | Agreement – Closed Loan Purchases ("Correspondent Agreement")
15 | governing the duties and obligations of each party with respect
16 | to the origination, sale and transfer of residential mortgage
17 | loans by Defendant to Plaintiff.  ¶ 5.

18 |   The Correspondent Agreement required all loans submitted by
19 | Defendant to comply with the Chase Correspondent Manual.  ¶ 6.
20 | Pursuant to the agreement, Defendant represented and warranted
21 | that all loans sold to Plaintiff: (1) complied with certain
22 | regulations, requirements and standards; (2) were fully
23 | insurable; (3) did not include facts or circumstances that could
24 | reasonably result in investors regarding the loans as
25 | unacceptable investments, cause the loan to become delinquent or
26 | adversely affect the marketability of the loan; (4) contained no
27 | representations or warranties containing any untrue statements of
28 | material fact; and (5) the appraisal provided an accurate

estimate of the bona fide market value of the property. ¶ 7; Exh. A (Correspondent Agreement) § 4.2.

The Correspondent Agreement provides that Defendant is obligated to repurchase a loan (or property) in the event of certain circumstances, including the following: (1) existence of an incurable breach or representation or warranty or Defendant's failure to cure any curable defect; (2) failure to provide required documentation or timely satisfy other requirements of the agreement; (3) Plaintiff's repurchase of any loan from a third party buyer due to defects existing prior to or contemporaneous with Plaintiff's purchase; or (4) the loan or credit file contained fraudulent documents. Comp. ¶ 8 & Exh. A. §§ 5.1, 5.2. Defendant also agreed to indemnify Plaintiff against "any and all losses, damages, fines, costs or expenses of any nature, including loss of marketability and attorney's fees and costs, resulting from breach of any representation or warranty, covenant or agreement, made by" Defendant. Id. Exh. A § 5.4.

The parties also executed a number of addenda that became part of the Correspondent Agreement. Comp. ¶ 5. The Correspondent Agreement further provides that the agreement and its interpretation will be governed by New Jersey law. ¶ 10; Exh. A § 7.8.

The Complaint points to eighteen specific loans out of the thousands transferred from Defendant to Plaintiff. Comp. Exh. B; Opp. at p. 4. Plaintiff alleges that Defendant breached a number of provisions in the Correspondent Agreement with regards to these identified loans.

1          In the first cause of action, Plaintiff alleges the loans
2    numbered 1-6, 10, 11 and 14 (as indicated in Exh. B) failed to
3    comply with the terms and conditions of the Correspondent
4    Agreement and Manual in that Defendant failed to cure and/or
5    events subsequent to their origination triggered obligations
6    Defendant did not meet, all in breach of the Correspondent
7    Agreement.  Comp. ¶ 15.  Plaintiff identifies these defects in
8    Exhibit B to the Complaint.  ¶ 16.  Despite notice, Defendant has
9    failed and refused to repurchase the loans or otherwise cure the
10   claims regarding them, resulting in damages to Plaintiff.  ¶¶ 17-
11   20.
12         In the second cause of action, Plaintiff alleges that it
13   received demands from its investors for Plaintiff to repurchase
14   each of the loans in Exhibit B or to indemnify them from loss.
15   ¶ 23.  In turn, Plaintiff demanded that Defendant repurchase the
16   loans or indemnify Plaintiff pursuant to the terms of the
17   Correspondent Agreement.  ¶ 24.  Defendant breached the agreement
18   by refusing or failing to so comply, resulting in damages to
19   Plaintiff.  ¶¶ 26-27.
20         In the third cause of action, Plaintiff alleges that
21   Defendant failed to indemnify Plaintiff pursuant to the agreement
22   for "loss, damages, fines, costs or expenses, including loss of
23   marketability and attorneys' fees and costs" suffered as a result
24   of the loans failing to conform to the representations and
25   warranties made by Defendant in relation to the eighteen loans
26   identified in Exhibit B.  ¶¶ 29-34.  Plaintiff makes an
27   alternative request for specific performance regarding those
28   loans identified in Exhibit B where foreclosures have not yet

occurred and/or where the real property underlying the loans has not been sold to third parties. Plaintiff alleges that due to the "unique and specific nature of mortgage loans" it has no adequate remedy at law and the Court should order Defendant to perform its repurchase obligations pursuant to the Correspondent Agreement. ¶¶ 37, 43.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007). In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

"First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to

relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.  Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Discussion

Defendant contends Plaintiff's claims should be dismissed pursuant to F. R. Civ. P. 12(b)(6) because the complaint contains only legal conclusions unsupported by factual allegations.  MTD at p. 10.  It further argues that an addendum to the Correspondent Agreement undermines Plaintiff's entire complaint because the subsequently executed rider changes the terms upon which the loans were transferred. Id. at pp. 14-15.

In the alternative, or if the Court grants leave to amend, Defendant moves the Court to order Plaintiff to submit a more definite statement that complies with the Federal Rules of Civil Procedure.  MTD at pp. 15-17.

1. Breach of Contract Claims

To establish a breach of contract under New Jersey law, a plaintiff must show that "the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265 (N.J. Super. Ct. App. Div. 2007).

In the Complaint, Plaintiff alleges that the parties entered into a contract, namely the Correspondent Agreement, which was attached to the Complaint. In its breach of contract claims in the first and second causes of action, Plaintiff alleges that Defendant failed to meet its obligations under the identified contract with respect to certain loans transferred under the contract, constituting a breach. Exhibit B specifically identifies the loans from which the claims arise, the alleged defects, breaches and/or the ground for repurchase or make whole demand. It also includes the date upon which Plaintiff repurchased the loans from investors or was forced to "makewhole" the investor. Exhibit B provides the date upon which it made its final demand to Defendant to comply with its obligations under the Correspondent Agreement. Plaintiff further alleges damages resulting from Defendant's failure to perform its obligations under the agreement.

The Court finds that the Complaint sufficiently alleges the underlying facts supporting its breach of contract claims. See Starr v. Baca, 652 F.3d at 1216. Defendant has fair notice of the precise loans and the grounds from which the claims arise. These factual allegations plausibly suggest that Plaintiff is

1  entitled to some relief.  Id.

2  Defendant's reliance on Roberts v. UBS AG, No. CV F 12-0724
3  LJO SKO, 2013 WL 1499341, at *19-20 (E.D. Cal. 2013) is
4  misplaced.  There the court dismissed breach of contract claims
5  on the ground that they were "vague and conclusory."  Id.
6  However, here, Plaintiff identifies "verbatim" the provisions of
7  the Correspondent Agreement at issue and attached the agreement
8  to the complaint.  The plaintiff in Roberts did no such thing,
9  leading the court to dismiss the claims.  Id.  The Roberts case
10 is entirely distinguishable.

11 Although Defendant argues in its Reply that it "needs more
12 information" regarding the loans at issue, it does not
13 specifically state that it cannot identify which loans are being
14 referenced in Exhibit B.  Reply at p. 10.  Therefore, the Court
15 assumes the detail provided therein is sufficient to put
16 Defendant on notice of the loans from which Plaintiff's claims
17 arise.

18 Defendant also argues the rider attached and incorporated
19 into the Correspondent Agreement altered its obligations with
20 respect to certain loans.  MTD at pp. 14-15.  This and other
21 potential defenses identified by Defendant may ultimately
22 absolve Defendant of liability.  However, at this stage in the
23 litigation, the Court takes the allegations as true and draws
24 all reasonable inferences in favor of Plaintiff.  The agreement
25 and claims as pleaded state a plausible entitlement to relief
26 sufficient for Plaintiff to have met its burden.

27 Accordingly, the Court hereby denies Defendant's Motion to
28 Dismiss the breach of contract claims.

### 2. Third Cause of Action

Under New Jersey law, indemnity contracts are interpreted in accordance with the rules governing the construction of contracts generally. Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 103 N.J. 177, 191 (1986).

The Complaint alleges the Correspondent Agreement provided for Defendant to indemnify Plaintiff in certain circumstances against specific losses. Comp. ¶ 29. It further alleges that those specific losses have been suffered and that Defendant has failed to indemnify Plaintiff after notice. ¶ 32. The Complaint alleges that, as a result, it has incurred damages. ¶ 34.

The Court finds that Plaintiff has met its burden at this stage of the litigation and has sufficiently pleaded the third cause of action. Accordingly, the Court denies Defendant's Motion to Dismiss the third cause of action.

### 3. Motion for a More Definite Statement

Defendant contends the Court should order Plaintiff to submit a more definite statement pursuant to Fed. R. Civ. P. 12(e) so that the Complaint complies with Rules 9(g) and 10(b). MTD at pp. 15-17. Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

#### a. Special Damages

Defendant argues that Plaintiff's request for "losses, damages, fines, costs or expenses of any nature, including loss of marketability" are special damages requiring Plaintiff to

9

1   specifically state them.  MTD at p. 16; F. R. Civ. P. 9(g).
2       Regarding a breach of contract claim, although both special
3   and general damages must be the natural and proximate
4   consequence of the alleged breach, "general damages are such as
5   inevitably follow, while special damages are such as may, or may
6   not, follow."  City and County of San Francisco v. Tutor-Saliba
7   Corp., No. C 02-5286 CW, 2005 WL 645389, at *17-18 (N.D. Cal.
8   2005).  General damages are those that the law implies from the
9   alleged contractual breach.  Id.
10      The Correspondent Agreement specifically provides that
11  Defendant will indemnify Plaintiff in the event of a breach
12  against the very damages sought.  Therefore, these damages are a
13  direct and foreseeable result upon the occurrence of a breach.
14  Accordingly, the Court denies Defendant's motion for a more
15  definite statement with respect to the damages sought.  However,
16  if at a later stage of this litigation, it is determined that
17  Plaintiff does in fact seek special damages, the Court may deny
18  them.  Tutor-Saliba Corp., 2005 WL 645389, at *18.
19              b.   Rule 10(b)
20      Defendant contends that Plaintiff has combined claims
21  arising from eighteen distinct loans into three causes of
22  action.  MTD at pp. 16-17.  It argues that the "shotgun"
23  pleading results in confusion as Plaintiff is "all over the map
24  in terms of which of its three 'claims' apply to which loans."
25  Defendant requests the Court to order Plaintiff to state each
26  claim founded on a separate transaction or occurrence in a
27  separate count.
28      Rule 10(b) provides that "each claim founded on a separate

transaction or occurrence . . . must be stated in a separate count or defense," but only if doing so "would promote clarity." "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." Sollberger v. Wachovia Securities, LLC, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. 2010).

Each of the claims is based on a single contract, the Correspondent Agreement, which involves only the parties to this action. Despite Defendant's contention that Plaintiff is "all over the map" in identifying which claims apply to which loans, each cause of action specifically identifies which of the loans listed in Exhibit B that particular claim arises from. Comp. ¶¶ 12, 23, 30. The Court finds that requiring Plaintiff to separately list identical claims to multiple loans under the same agreement would not promote clarity; rather, it would simply be redundant. Accordingly, the Court denies Defendant's motion for a more definite statement.

III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss in its entirety.

IT IS SO ORDERED.

Dated: December 10, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11