PHILIP A. MCLEOD, CASB 101101
HELEN LAYERLE, CASB 264475
KEESAL, YOUNG & LOGAN
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415)398-6000
Facsimile: (415)981-0136
-and-
GREGORY M. SUDBURY
*Admitted Pro Hac*
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 880-1878
Facsimile: (214) 871-2111
ATTORNEYS FOR PLAINTIFF
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK N.A., | Case No. 2:13-cv-01397-JAM-KJN |
| Plaintiff, | |
| v. | [PROPOSED] **PROTECTIVE ORDER** |
| SIERRA PACIFIC MORTGAGE COMPANY, INC., | |
| Defendant. | |

The parties to this Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. <u>Good cause</u>. Good cause exists for the entry of this Protective Order to allow for the exchange of financial information related to borrowers that are not parties in this lawsuit. There is a particularized need for the protection of this information through a court order because it is private financial information for persons that are not parties in this lawsuit and may be prohibited from disclosure by statutes including, but not limited to, the Gramm-Leach-Bliley Act,

15 U.S.C. § 6801 *et seq.*

2. <u>Scope</u>. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; or (e) personnel, employment, or financial records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

4. <u>Designation</u>.

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

5. Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: no later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

6. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (6)(b)(1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

2. Parties. Individual parties and employees of a party;

3. The Court and its personnel;

4. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

5. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents,

3

including outside vendors hired to process electronically stored documents;

6. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

8. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

9. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

////

8. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any filing of Confidential Information with the Court under seal must comply with the Federal and Local Rules.

9. <u>Challenges by a Party or Non-Party to Designation as Confidential Information</u>. Challenges to the designation of Confidential Information may be made by a party or non-party.

10. <u>Action by the Court</u>. Any applications to the Court relating to the materials or documents designated as Confidential Information shall be in accordance with Federal and Local Rules.

11. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. <u>Obligations on Conclusion of Litigation</u>.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 4, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

////

15. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative, or by Court Order approving the parties' stipulation to a modification of the terms of the existing protective order.

16. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**, except that the court will not retain jurisdiction over the stipulated protective order and related disputes after termination of the action.  <u>See</u> E.D. Cal. L.R. 141.1(f) ("Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action").

Dated: September 29, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> SIERRA PACIFIC MORTGAGE COMPANY, INC., <br><br> Defendant. | Case No.  2:13-cv-01397-JAM-KJN <br><br> **ATTACHMENT A TO PROTECTIVE ORDER – ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to

8

1 | any other person, firm or concern.
2 | Signature:_____
3 | Printed Name:_____
4 | Date:_____
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |