UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | No. 2:13-cv-1397-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| SIERRA PACIFIC MORTGAGE COMPANY, INC., | |
| Defendant. | |

On July 16, 2015, this case was before the undersigned to address defendant Sierra Pacific Mortgage Company, Inc.'s ("defendant") motion to compel further discovery responses and plaintiff JP Morgan Chase Bank, N.A.'s ("plaintiff") motion to quash defendant's June 16, 2015 Rule 30(b)(6) Notice of Deposition and for a protective order.  (ECF Nos. 46, 51.)  Attorney Gregory Sudbury appeared for plaintiff.  Attorney Jonathan Jenkins appeared for defendant. Based on the parties' motions, joint statements, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, the court grants both of the parties' motions in part.

////

////

////

I. <u>Defendant's Motion to Compel</u>

Through this motion, defendant seeks to compel plaintiff to provide supplemental responses to defendant's interrogatory numbers 19 and 20, and request for production numbers 4, 6, 7, and 9.

    A. *Request for Judicial Notice*

As an initial matter, defendant requests that the court judicially notice 17 documents that defendant claims support its position with respect to the two discovery motions currently before the court. (ECF Nos. 48, 58.) Specifically, defendant requests that the court take judicial notice of the following:

    1) A copy of the November 19, 2013 settlement agreement between plaintiff's JP Morgan Chase and Company, the U.S. Department of Justice ("DOJ"), the Federal Housing Finance Agency, and the Attorney Generals of California, Delaware, Illinois, and Massachusetts;

    2) The Statement of Facts to the November 19, 2013 settlement;

    3) A list of the securitizations covered by the November 19, 2013 settlement that was attached to the settlement document;

    4) A copy of portions of the Form 10-D filed with the U.S. Securities & Exchange Commission ("SEC") by J.P. Morgan Alternative Loan Trust 2007-A2 on December 4, 2007;

    5) A copy of portions of the Form 10-D filed with the U.S. Securities & Exchange Commission ("SEC") by J.P. Morgan Alternative Loan Trust 2007-S1 on December 4, 2007;

    6) A copy of a document captioned "Stipulated Order Further Extending Production Deadline Set on October 17, 2013" ("Stipulated Order"), filed on or about November 15, 2013, in <u>Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities Inc., et al.</u>, Civil Division Case No. GD-09-016892, formerly pending in the Court of Common Pleas of Allegheny County, Pennsylvania ("FHLB Action");

    7) A copy of a subsequent (Redacted) Motion to Compel Compliance with the Court's October 17, 2013 Order, filed against JP Morgan Chase and Company on or about November 26, 2013, in the FHLB Action ("FHLB Motion");

////

1  8) A copy of the Affidavit of Dana A. Yealy (without attachments), filed on or about
2  November 15, 2013, in the FHLB Action;

3  9) A copy of the Affidavit of Alyssa Kelman (without attachments, redactions in
4  original), filed on or about November 15, 2013, in the FHLB Action;

5  10) A copy of a Notice of Motion filed on or about May 29, 2015, in the case <u>In the</u>
6  <u>Matter of the Application of U.S. Bank National Association et al.</u>, Index No. 652382/2014,
7  pending in the Supreme Court of the State of New York, County of New York ("Respondent-
8  Investor Motion");

9  11) A copy of the Memorandum of Law filed with and in support of the Respondent-
10  Investor Motion;

11  12) A copy of a press release issued by the Federal Home Loan Mortgage Corporation
12  ("Freddie Mac") on or about October 25, 2013;

13  13) A copy of a press release issued by the Federal National Mortgage Association
14  ("Fannie Mae") on or about October 25, 2013;

15  14) A copy of a Settlement Agreement and Release dated October 25, 2013 ("FHFA
16  Settlement"), which resolved, among other things, the action captioned <u>FHFA v. JPMorgan Chase</u>
17  <u>& Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P.</u>
18  <u>Morgan Securities LLC et al.</u>, Case No. 11-cv-6188 (DLC), filed on September 2, 2011, in the
19  U.S. District Court for the Southern District of New York ("FHFA Action");

20  15) A copy of the March 28, 2014 Joint Status Report filed by the parties in this action
21  (ECF No. 29);

22  16) A copy of relevant excerpts from the June 13, 2012 Amended Complaint filed
23  against plaintiff, plaintiff's parent company, JP Morgan Mortgage Acquisition Corporation
24  ("JPMMAC") and other JP Morgan affiliates in the FHFA Action; and

25  17) A copy of a Memorandum of Law in support of a Motion for Severance filed on
26  September 9, 2013, in the FHFA Action by various JP Morgan defendants, including plaintiff.
27  (ECF Nos. 48, 58.)
28  ////

3

1. Legal Standards

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (1984).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d) (1984).  Judicially noticed facts often consist of matters of public record, such as prior court proceedings, see, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988); administrative materials, see, e.g., Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); or other court documents, see, e.g., Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).  Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2. Discussion

Here, while all of the documents defendant requests are either documents filed in another court action or publically available on the websites of various government agencies, thus generally making them of a type that is judicially noticeable, it is clear that plaintiff disputes the contents of these documents that defendant seeks to have judicially noticed.  Because of this dispute, defendant's requests are improper.  See Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) (declining to take judicial notice of the contents of court filings in other actions and public or quasi-public records to the extent they were disputed by the other party because "such matters of controversy are not appropriate subjects for judicial notice").  Plaintiff expressly disputes defendant's requests for Exhibits 7, 8, 10, and 11 in its portion of the joint statement to defendant's motion on the basis that these documents concern other court actions either involving entities not party to this action or concern loans not at issue in this action.  (See ECF No. 60 at 22-23.)  Moreover, plaintiff also made a separate filing objecting to judicial notice with respect to all 17 documents defendant seeks to introduce in this manner

1  that provides reasons specific to each document that genuinely dispute the facts for which
2  defendant seeks judicial notice.  (ECF No. 61.)
3   Plaintiff further disputes the facts defendant seeks to establish through many of its
4  requests for judicial notice, namely defendant's request for the court to take judicial notice of
5  documents relating to the November 2013 settlement in order to establish that at least some of the
6  loans at issue in this action were securitized, by providing evidence to the contrary.  Specifically,
7  plaintiff provides evidence supporting its assertion that none of the loans at issue in this action
8  were securitized.  (See ECF No. 57-1, Ex. A, Kenneley Decl. at ¶ 8.) (declaration by one of
9  plaintiff's corporate designees stating that "[plaintiff] did not securitize any of the [loans at issue
10 in this action]."). Because there exists a genuine dispute between the parties, judicial notice of
11 these documents would be improper.  See Hicks v. Evans, 2012 WL 398821, at *3 (N.D. Cal.
12 Feb. 7, 2012) ("Facts in the judicial record that are subject to dispute, such as allegations in
13 affidavits, declarations, and probation reports, are not the proper subjects of judicial notice even
14 though they are in a court record.").
15 Furthermore, defendant seeks primarily to have the contents of the 17 documents noticed
16 as fact, rather than just the existence and authenticity of these documents, in order to prove the
17 relevance of certain discovery it seeks to compel.  In particular, defendant seeks judicial notice of
18 the contents of filings and settlement agreements that were made in other actions unrelated to the
19 current case.  "As a general rule, a court may not take judicial notice of proceedings or records in
20 another cause so as to supply, without formal introduction of evidence, facts essential to support a
21 contention in a cause then before it."  M/V Am. Queen v. San Diego Marine Const. Corp., 708
22 F.2d 1483, 1491 (9th Cir. 1983).  Accordingly, defendant's requests for judicial notice are denied.
23        B.      *Defendant's Requests to Compel Discovery*
24               1.      Interrogatories 19 and 20
25 First, defendant requests that the court compel plaintiff to provide supplemental responses
26 to defendant's interrogatory numbers 19 and 20.  During the hearing on defendant's motion, the
27 court conducted an in-camera review of the bates-stamped documents plaintiff references in its
28 response to these interrogatories.  Based on this review, the court determines that, for the reasons

discussed on the record during the hearing, plaintiff's responses to both interrogatories are fully responsive. Accordingly, defendant's motion to compel further responses to interrogatory numbers 19 and 20 is denied.

### 2. Request for Production # 4

Second, defendant requests that the court compel plaintiff to produce documents responsive to defendant's request for production number 4. As noted by the court at the hearing, the documents defendant requests, namely the buying guides issued by Fannie Mae and Freddie Mac that cover the time period during which plaintiff resold the loans at issue to these agencies, are relevant to the claims and affirmative defenses asserted in this action. Plaintiff's current response to this request fails to provide these documents to defendant. Accordingly, defendant's motion as to this request is granted insofar as it concerns plaintiff's representations and warranties made to Fannie Mae and Freddie Mac.

The court is cognizant that some of the documents defendant seeks through this request with regard to Fannie Mae and Freddie Mac may not be within plaintiff's direct control. However, given the relevance of these documents, plaintiff's counsel is directed to make a good faith effort to obtain the responsive buying guides from these agencies that are not already available to plaintiff and shall include a declaration along with plaintiff's production of the responsive documents it is able to obtain and produce detail concerning what, if any, responsive documents it was unable to procure from these agencies and why such information is not within plaintiff's custody or control. See Stella Sys., LLC v. MedeAnalytics, Inc., 2015 WL 1870052, at *3 (N.D. Cal. Apr. 22, 2015) (quoting Steele Software Sys. Corp. v. DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564 (D. Md. 2006)) ("It is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation. . . . Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." (internal quotation marks omitted)).

////

////

1    However, given plaintiff's motion to amend its complaint currently pending before the
2  District Judge, which seeks to dismiss plaintiff's claims related to 6 out of the 18 loans in this
3  action including all of the loans plaintiff purportedly sold to its subsidiary JPMMAC, defendant's
4  request for documents relating to plaintiff's representations and warranties to JPMMAC may
5  become irrelevant to the issues in this action.  Accordingly, defendant's motion to compel is
6  denied without prejudice to later renewal if plaintiff's motion to amend is denied with regard to
7  the loans it sold to JPMMAC.

        3.       <u>Request for Production # 6</u>

9    Third, defendant requests the court to compel plaintiff to produce a copy of a 2013 Draft
10  Complaint developed by the United States Attorney for the Eastern District of California naming
11  plaintiff's corporate parent and "affiliated JP Morgan entities" as defendants for alleged conduct
12  regarding their sale of residential mortgage-backed securities, which led to a November 2013
13  settlement agreement between the U.S. Attorney and these entities.  Defendant argues that this
14  document is relevant to its affirmative defenses based on the allegation that plaintiff's damages
15  plaintiff claims with respect to any of the loans at issue that had been securitized were caused by
16  plaintiff's own misrepresentations to third party investors because this document likely contains
17  factual particulars regarding this alleged conduct.  However, in support of its opposition to this
18  motion, plaintiff provides a declaration by Robert A. Kenneley, an associate at JP Morgan Chase
19  Bank NA, which states that "[plaintiff] did not securitize any of the [loans at issue in this action]."
20  (ECF No. 57-1, Ex. A, Kenneley Decl. at ¶ 8.)  Given this clear representation that none of the
21  loans at issue in this action were packaged into and sold by plaintiff as securities, defendant's
22  request is irrelevant to the issues presented in this action at this juncture.  Therefore, defendant's
23  motion to compel the Draft Complaint is denied without prejudice.[1]

---

[1] As the court noted on the record during the hearing, and as discussed in more detail below with regard to plaintiff's motion to quash, defendant may conduct a limited inquiry into whether any of the loans at issue in this action were in fact securitized by plaintiff through defendant's depositions of plaintiff's designated corporate witnesses for the purpose of determining whether there is a basis for further discovery of documents and other information related to plaintiff's conduct involving residential mortgage-backed securities as it relates to the loans at issue in this action.

    4.   Request for Production # 7

Fourth, defendant requests the court to compel plaintiff to produce the settlement agreements it entered into with Fannie Mae and Freddie Mac in October of 2013 that resolved these agencies' whole loan repurchase demands. Defendant argues that these documents are relevant to this litigation because any settlement proceeds may have covered payments plaintiff made to these third party entities with respect to some of the loans for which plaintiff now seeks damages in this action. Plaintiff contends that it fully repaid all of the loans at issue in this action that were sold to these agencies prior to the time these two settlement agreements were entered into, therefore making the agreements irrelevant to the parties' claims or defenses because the agreements covered only outstanding repurchase demands. However, as defendant's counsel noted on the record at the hearing, there is some suggestion that both of these settlement agreements included amounts that were credited back to plaintiff with regard to loans for which plaintiff had already reimbursed these agencies. Accordingly, defendant's request to compel plaintiff to produce these settlement agreements is denied, but without prejudice to later renewal if it is later determined that at least some of the money credited back to plaintiff under these agreements was for any of the loans at issue in this action. Furthermore, plaintiff's counsel shall inquire with his client as to whether any the loans at issue were covered under the "credit back" provisions of these settlement agreements and, by no later than August 12, 2015, provide defendant with a declaration stating whether any of the loans at issue fell within these provisions.

    5.   Request for Production # 9

Finally, defendant requests the court to compel plaintiff to provide documents relating to any reviews and audits of the loans at issue that were conducted by either plaintiff or a third party on plaintiff's behalf. As noted on the record at the hearing, the parties have stipulated to limiting this request to only pre-purchase reviews and audits, for which plaintiff claims it has no responsive documents. Defendant's motion to compel is granted as to this narrowed request for pre-purchase reviews and audits. If plaintiff does not have any documents responsive to this request, then it shall provide defendant with a verified response stating that it does not have any responsive documents that includes a very brief explanation as to why such pre-purchase reviews

8

and audits were not done.

II.     Plaintiff's Motion to Quash and for Protective Order

Also before the court is plaintiff's motion to quash portions of defendant's June 16, 2015 Rule 30(b)(6) notice of deposition and for a protective order preventing defendant from engaging in any further discovery as to the quashed subject matters. Plaintiff asserts that 6 separate areas of inquiry described in defendant's Rule 30(B)(6) notice should be either quashed or limited.

   A.     *Relevant Legal Standards*

          1.     Motion to Quash

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a) (2)," and "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). A nonparty may also be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things." Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2)-(c)(3).

          2.     Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery." "Subsection (c) [of Rule 26] underscores the extensive control that district courts have over the discovery process," thus "a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 369 (9th Cir. 1982). Protective orders may be issued to prevent parties from seeking discovery regarding certain subject matters. However, to establish good cause, the party seeking a protective order in this context bears the burden of showing that specific prejudice or harm will result if no protective order is granted. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad and

general allegations of harm do not satisfy the Rule 26(c) test.  Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).  For this reason, blanket protective orders are disfavored.  See San Jose Mercury News v. U.S. Dist. Court – Northern Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999).

B.   *Motion for Protective Order*

As an initial matter, the court denies plaintiff's request for a protective order as to all of the subject matters for which it seeks to prevent defendant from inquiring.  Plaintiff fails to show a specific prejudice or harm will result if a protective order is not granted broadly preventing defendant from requesting any discovery as to the topics plaintiff identifies in its motion.  See Phillips ex rel. Estates of Byrd, 307 F.3d at 1210-11.  Furthermore, limiting defendant from obtaining any discovery as to the requested topics at this juncture would be premature given the uncertainty regarding whether plaintiff's pending motion to amend will be granted and whether defendant may be able to obtain information from depositions and other future discovery that would make certain topics for which plaintiff seeks a protective order relevant to the parties' claims and/or defenses.

C.   *Topics Plaintiff Moves to Quash*

1.   The Definition of "Subject Loans"

First, plaintiff argues that defendant's definition of "Subject Loans" in its notice of deposition is too broad because it includes loans that are not at issue and still includes the 6 loans for which plaintiff is seeking to dismiss its claims through its pending motion to amend.  The court agrees with plaintiff's argument insofar as defendant's definition concerns loans outside of the 18 loans at issue in this action; questions as to loans for which plaintiff may later bring an action against defendant that are not already at issue in this action are irrelevant to the issues in this case.  Accordingly, the court grants plaintiff's motion to quash insofar as defendant's definition of "Subject Loans" includes loans not currently at issue in this action.

However, the court denies plaintiff's request to quash insofar as it seeks to limit defendant from inquiring into information related to the 6 loans plaintiff seeks to dismiss from this case through its motion to amend.  If plaintiff's motion to amend is denied, then information related to

these loans is undoubtedly discoverable. Furthermore, even if plaintiff's motion to amend is granted in full, defendant is still entitled to engage in at least some questioning regarding how plaintiff originally and subsequently calculated the amounts it lost on these loans insofar as that information is relevant to the 12 loans that remain. Such information would be relevant to plaintiff's claim for damages, especially since plaintiff now seeks to dismiss the 6 loans based on the alleged recent discovery that it did not suffer any damages as to these loans.

### 2. The Definition of "You" or "Your"

Second, plaintiff argues that defendant's definition of "You" or "Your" in its notice of deposition is overly broad to the extent that it includes entities that are legally distinct from plaintiff, such as its corporate parent, subsidiaries, and sister companies. Plaintiff claims that this definition would extend discovery into irrelevant actions taken by entities that are neither parties to the contract at issue nor this litigation. For the reasons discussed on the record during hearing, plaintiff's request to limit this definition is denied. However, as the parties acknowledged during the hearing, questioning as to the actions of entities other than plaintiff should be limited only to inquiries that are relevant to the loans at issue and the parties' current contractual dispute. Plaintiff may object to any questioning as to other entities that fall outside the scope of the issues presented by this action and is permitted to have its corporate designees claim a lack of knowledge as to questions regarding these other entities provided that such a claim is made in good faith.

### 3. Questions Involving Plaintiff and Plaintiff's Parent Company's Organizational Structure

Third, plaintiff requests the court to quash defendant's subject number one, which requests information regarding plaintiff's corporate structure and its current and historical relationships and interactions with a number of other companies affiliated under the JP Morgan Chase and Company corporate umbrella. Plaintiff asserts that such a request is too broad and could include inquiries into topics that are completely irrelevant to the issues in this action. However, information as to plaintiff's corporate structure, the larger structure of its corporate parent, and plaintiff's interactions with other companies within that structure is relevant insofar as

it relates to plaintiff's handling of the loans at issue in this action after it purchased them from defendant. Accordingly, plaintiff's motion to quash this topic is denied. However, as noted at the hearing, defendant's inquiries into this subject matter should be limited to only obtaining information that is relevant to the loans at issue and the parties' current contractual dispute. If during a deposition defendant asks questions as to this subject that are beyond the scope of relevance as to the issues in this case, then plaintiff may make good faith objections based on relevance or lack of knowledge.

          4.        <u>Questions Regarding Plaintiff's October 2013 Settlements with Fannie Mae and Freddie Mac and the U.S. Attorney's Draft Complaint</u>

Fourth, plaintiff argues that defendant's topics related to plaintiff's October 2013 settlements with Fannie Mae and Freddie Mac and the U.S. Attorney's Draft Complaint regarding plaintiff's corporate parent and "affiliated JP Morgan entities" are not relevant because none of these documents concern the loans at issue in this action. However, plaintiff's request to quash this topic is denied without prejudice because limited inquiry into whether any of the loans at issue were securitized or otherwise fell within the scope of the settlement agreements and/or the Draft Complaint is warranted as it could lead to the discovery of evidence relevant to defendant's affirmative defenses based on causation. Accordingly, defendant may engage in a limited inquiry into whether any of the loans at issue in this action were in fact securitized by plaintiff in order to determine whether there is a basis for further discovery of documents, such as the settlement agreements and the Draft Complaint, and other information related to plaintiff's conduct involving residential mortgage-backed securities as it relates to the loans at issue in this action.

          5.        <u>Questions Relating to Securitization of the Subject Loans</u>

Fifth, plaintiff requests the court to quash defendant's subject number 4, which includes multiple subtopics all related to plaintiff's participation in the securitization of the loans at issue. As with the other discovery issues presented by the parties through their motions regarding discovery of information related to the securitization of the loans at issue, defendant may conduct a limited inquiry into whether any of the loans at issue were in fact securitized by plaintiff and of the details surrounding the securitization and sale of those securitized loans. Accordingly,

12

plaintiff's motion to quash as to this topic is denied without prejudice.

      6.      Questions Regarding Settlements Concerning Loan Servicing

Finally, plaintiff requests that the court quash defendant's subject number 5, which requests information regarding plaintiff's servicing of the loans at issue, including information concerning a March 2015 settlement with the U.S. Department of Justice regarding bankruptcy court payment change notices and the National Mortgage Settlement of 2012 to which plaintiff was a party. This request is denied without prejudice. However, defendant's examination as to this topic during the Rule 30(b)(6) depositions should be limited to only questions regarding plaintiff's servicing of the loans at issue in this action.

For the reasons discussed above and on the record at the hearing, the parties' motions are GRANTED in part and DENIED in part. It is HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 46) is GRANTED in part and DENIED in part:

    a. Defendant's motion is denied as to the request to compel plaintiff to supplement its responses to interrogatory numbers 19 and 20.

    b. Defendant's motion is granted as to the request to compel plaintiff to supplement its response to defendant's request for production number 4 insofar as it seeks the buying guides issued by Fannie Mae and Freddie Mac that cover the time period during which plaintiff resold the loans at issue to these agencies. Plaintiff shall include a declaration along with its production of the responsive documents it is able to obtain and produce detail concerning what, if any, responsive documents it was unable to procure from these agencies and why such information is not within plaintiff's custody or control. This request is denied without prejudice insofar as it seeks to obtain documents relevant to plaintiff's sale of loans to JPMMAC.

    c. Defendant's motion is denied without prejudice as to the request to compel plaintiff to supplement its response to defendant's request for production number 6.

    d. Defendant's motion is denied without prejudice as to the request to compel plaintiff to supplement its response to defendant's request for production number 7.

////

1       e.      Defendant's motion is granted as to the request to compel plaintiff to
2 supplement its response to defendant's request for production number 9 insofar as it concerns the
3 narrowed request for pre-purchase reviews and audits to which the parties stipulated during the
4 hearing on this matter.  If plaintiff does not have any documents responsive to this request, then it
5 shall provide defendant with a verified response stating that it does not have any responsive
6 documents that includes a very brief explanation as to why such pre-purchase reviews and audits
7 were not conducted.
8       2.      Plaintiff's motion to quash and for a protective order (ECF No. 51) is GRANTED
9 in part and DENIED in part:
10              a.      Plaintiff's motion for a protective order is denied.
11              b.      Plaintiff's motion to quash as to the first issue the parties identify in their
12 joint statement as to this motion (ECF No. 59) is granted insofar as defendant's definition of
13 "Subject Loans" includes loans not currently at issue in this action.  However, plaintiff's request
14 to limit the definition of "Subject Loans" is denied insofar as it seeks to limit defendant from
15 inquiring into information related to the 6 loans plaintiff seeks to dismiss from this case through
16 its pending motion to amend its complaint.
17              c.      Plaintiff's motion to quash as to the second issue the parties identify in
18 their joint statement as to this motion is denied.  However, deposition questioning as to the
19 actions of entities other than plaintiff should be limited only to inquiries that are relevant to the
20 loans at issue and the parties' current contractual dispute.
21              d.      Plaintiff's motion to quash as to the third issue the parties identify in their
22 joint statement as to this motion is denied.  However, deposition questioning as to this subject
23 matter should be limited to only information that is relevant to the loans at issue and the parties'
24 current contractual dispute.
25              e.      Plaintiff's motion to quash as to the fourth and fifth issues the parties
26 identify in their joint statement as to this motion is denied without prejudice.  The parties may
27 engage in limited deposition questioning regarding whether any of the loans at issue in this action
28 were in fact securitized by plaintiff and information related to plaintiff's conduct involving

residential mortgage-backed securities to the extent it concerns the loans at issue in this action.

   f. Plaintiff's motion to quash as to the sixth issue the parties identify in their joint statement as to this motion is denied without prejudice. However, deposition examination regarding this topic should be limited to only questions regarding plaintiff's servicing of the loans at issue in this action.

  3. Plaintiff's counsel shall inquire with his client as to whether any of the loans at issue were covered under the "credit back" provisions of plaintiff's October 2013 settlement agreements with Fannie Mae and Freddie Mac and, by no later than August 12, 2015, provide defendant with a declaration stating whether any of the loans at issue fell within these provisions.

  IT IS SO ORDERED.

Dated: July 21, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE