UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMorgan Chase Bank, N.A., | No. 2:13-cv-01397-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| Sierra Pacific Mortgage Company, Inc., | |
| Defendant. | |

Defendant Sierra Pacific Mortgage Company ("Defendant") allegedly sold Plaintiff JPMorgan Chase Bank ("Plaintiff") defective loans in breach of a contract, and failed to indemnify Plaintiff for its losses. Plaintiff brought this suit based on eighteen such loans, before realizing - almost two years later - that it had in fact suffered no damages related to six of them. It now seeks to amend the Complaint to drop the defunct claims. The Court dismisses these six loans from the case on the terms described below.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 19, 2015.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In the 1990s, the parties entered into a contract delineating Plaintiff's purchase of residential mortgages from Defendant. Compl. (Doc. #1) ¶ 5. Defendant agreed to conduct due diligence to ensure that the loans sold were of a certain quality. Compl. ¶¶ 6-7. In the case that a loan fell below the contractually-required standards, Defendant agreed to indemnify Plaintiff for losses and to repurchase the defective loan. Compl. ¶¶ 7-9.

Defendant allegedly sold Plaintiff eighteen loans that did not meet these standards. Compl. ¶¶ 15, 19, Exh. B. Before discovering the quality issues, Defendant had resold the loans to outside investors. See Compl. ¶ 16. When the low quality came to light, the investors demanded compensation from Plaintiff, who repurchased the loans from its investors. Compl. ¶¶ 16, 17. Plaintiff, in turn, requested that Defendant indemnify it for any losses and repurchase these loans. Compl. ¶ 17. When Defendant refused, Plaintiff sued for breach of contract and breach of an indemnity agreement on each of the eighteen loans. Compl. ¶¶ 16, 17, 19, 24, 32.

Almost two years after filing suit, Plaintiff discovered information in its own files indicating that it had actually suffered no damages on six of the loans at issue (hereinafter, Loans 5, 8, 15, 16, 17, and 18, in reference to Exhibit B of the complaint). Mot. at 4; see Jenkins Decl. ¶ 8. Plaintiff now moves to amend its Complaint to drop the claims related to those loans (Doc. #56). Defendant opposes the motion in part (Doc. #71). Defendant also filed a notice of supplemental authority

(Doc. #76).

## II.   OPINION

### A.   Legal Standard

The parties offer multiple legal standards for the Court to apply to this motion, including Federal Rules of Civil Procedure 15, 16, and 41.  Although Plaintiff entitled its filing "motion for leave to amend the complaint," Plaintiff essentially seeks to voluntarily dismiss certain claims.  See Mot. at 3:10-11 ("Chase no longer wishes to pursue its claims related to Loans 5, 8, 15, 16, 17, and 18 . . . .").  Rule 41(a)'s voluntary dismissal standard therefore applies.

This rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Dismissal is within the "sound discretion" of the Court, and may be with or without prejudice.  Gilabert v. Logue, 2013 WL 6804663, at *2, *4 (C.D. Cal. Dec. 20, 2013).  A court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). The Court must determine "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005).

### B.   Analysis

Plaintiff requests dismissal of its claims related to Loans 5 and 8 with prejudice, and Loans 15-18 without prejudice.  Mot.

1 at 4.  Defendant does not oppose dismissal of Loans 5 and 8, but
2 argues that the Court should also dismiss Loans 15-18 with
3 prejudice – or in the alternative, without prejudice but under
4 certain conditions, including reimbursement of attorney's fees
5 related to these claims.[2]  Opp. at 8-9, 15.  In light of
6 Defendant's non-opposition, the Court dismisses with prejudice
7 Loans 5 and 8.  Loans 15, 16, and 18 are dismissed with
8 prejudice as well for the following reasons.

9    Plaintiff seeks dismissal of its claims related to Loans
10 15, 16, and 18 on the basis that after filing the Complaint, it
11 "determined that it had been reimbursed for the payments" to
12 investors and therefore Plaintiff "has not currently suffered an
13 injury-in-fact in the form of actual damages[.]"  Mot. at 4-5.
14 In other words, Plaintiff lately discovered that it is not
15 entitled to relief on these loans, because Plaintiff lost no
16 money.  Indeed, the claims are now meritless, because damages
17 are an element of each of Plaintiff's causes of action.  See
18 Martinez v. Welk Grp., Inc., 907 F. Supp. 2d 1123, 1131 (S.D.
19 Cal. 2012) (breach of contract); Travelers Cas. & Sur. Co. of
20 Am. v. Evans, 2012 WL 3132653, at *3 (E.D. Cal. July 31, 2012)
21 report and recommendation adopted in relevant part, 2012 WL
22 4468422 (E.D. Cal. Sept. 26, 2012) (indemnity).  The Court
23 therefore dismisses Loans 15, 16, and 18 from this action with
24 prejudice.  See Gilabert, 2013 WL 6804663, at *4 (dismissing

---

[2] Plaintiff in reply states that "[t]he Court does not need to consider the Opposition because it was not timely filed."  Reply at 2 n.1.  Plaintiff alleges no prejudice caused by Defendant's one-day delay in filing, so this de minimis violation of Local Rule 230(c) will not prevent the Court from ruling on the merits of the parties' arguments.

4

1   with prejudice per Rule 41(a)(2) "[i]n light of the conclusion
2   that this is a meritless SLAPP suit"); Altman v. HO Sports Co.,
3   2009 WL 4163512, at *2 (E.D. Cal. Nov. 23, 2009) ("[T]he Court
4   has already determined that the products liability claim against
5   Sims is meritless.  There is nothing inequitable about
6   dismissing this claim [under Rule 41(a)(2)] with prejudice.").

7         Plaintiff argues that the Court must dismiss these loans
8   without prejudice because it suffered no injury in fact.  Mot.
9   at 4.  According to Plaintiff, such a dismissal based on
10  standing must always be without prejudice.  Mot. at 5.  Whether
11  or not this latter point is true as a matter of law, it is
12  inapplicable here because, as discussed above, damages are an
13  element of each of Plaintiff's causes of action.  The absence of
14  damages therefore goes to the merits of Plaintiff's case, and
15  dismissal with prejudice is proper.

16        As to Loan 17, Plaintiff represents that it "determined
17  that JPMorgan Mortgage Acquisition Corporation funded the
18  payment to [the investor] for the losses . . . and has not yet
19  required [Plaintiff] to reimburse it."  Mot. at 4:18-19.  The
20  Court grants dismissal of this claim without prejudice, based on
21  Plaintiff's representation that it will likely incur damages in
22  the future.

23         This outcome will cause no "plain legal prejudice" to
24  Defendant.  Defendant offers several theories of prejudice, none
25  of which prevail.

26        Defendant first argues that it will lose its right to a
27  jury trial.  Loss of this right may in general be prejudicial,
28  but here it is so uncertain as to be inapplicable.  Cf.

1  Westlands Water Dist. v. United States, 100 F.3d 94, 96-97 (9th
2  Cir. 1996) ("[T]he threat of future litigation which causes
3  uncertainty is insufficient to establish plain legal
4  prejudice.").  Defendant states that dismissal without prejudice
5  "could allow [Plaintiff] to refile claims on [Loan 17] in a
6  different jurisdiction that will enforce the [parties'
7  contractual] jury waiver[.]"  Opp. at 10:8-9.  That Plaintiff
8  "might" file elsewhere in a jurisdiction that "could potentially
9  enforce the [] jury waiver[,]" Opp. at 12:1-2, is too
10 speculative, and the Court sees no actual prejudice.
11 Defendant's argument that Plaintiff could "potentially re-
12 litigate [Loan 17] in a forum that would deny Sierra the benefit
13 of fee reciprocity" fails for the same reason.  See Opp. at
14 13:12-13.

15     Defendant's remaining theories amount to complaints about
16 the inconvenience and expense of litigation, which are not
17 equivalent to legal prejudice.  See Opp. at 13-14; Williams, 227
18 F.R.D at 540.  The Court does not sanction Plaintiff's behavior
19 in failing to realize its error earlier (namely, anytime in the
20 past two years).  But Defendant has demonstrated no legal
21 prejudice that would prevent the Court from dismissing the claim
22 at the stage - almost a year before trial.  See Third Amended
23 Scheduling Order at 6 (setting trial for June 2016).

24     As to the conditions applied to dismissal of Loan 17,
25 Defendant proposes – and Plaintiff agrees to – a stipulation
26 that Plaintiff did not "suffer[] damages" related to Loan 17 "as
27 of the date of filing the Complaint and [] it still has not
28 suffered damages" related to that loan.  Reply at 10:16-18; Opp.

6

1  at 15. The Court accepts this agreed-upon condition.
2      The Court also accepts Defendant's proposed condition to
3  impose attorney's fees and costs on Plaintiff. Such imposition
4  is "usually considered necessary for the protection of the
5  defendant[,]" <u>Stevedoring Servs. of Am. v. Armilla Intern. B.V.</u>,
6  889 F.2d 919, 921 (9th Cir. 1989) (citation omitted), and the
7  Court finds it proper here, where the inclusion of Loan 17 in
8  the case was apparently Plaintiff's own error. However, the
9  Court limits the award to costs and fees attributable solely to
10 Loan 17. The Court also limits the award to costs and fees
11 incurred before Plaintiff informed Defendant of its intent to
12 dismiss the allegations related to Loan 17. According to
13 Defendant, it was so informed on May 28, 2015. Jenkins Decl.
14 ¶ 8.
15     Finally, the Court does not accept Defendant's third
16 proposed condition. The Court declines to get involved in
17 hypothetical discovery disputes of hypothetical future cases,
18 and therefore will not order that the present discovery be
19 "usable and admissible in any subsequent litigation." Opp. at
20 15:12.
21                      III.  ORDER
22     For the reasons set forth above, the Court GRANTS
23 Plaintiff's motion as follows: The claims related to Loans 5,
24 8, 15, 16, and 18 are dismissed with prejudice. The claims
25 related to Loan 17 are dismissed without prejudice. The Court
26 accepts for purposes of this case the factual determination that
27 Plaintiff did not suffer damages related to Loan 17 at the time
28

7

of filing the complaint or as of August 12, 2015.[3]  Defendant is directed to file a declaration detailing its costs and fees related to Loan 17 only, as described above, within fourteen days of this order.  That declaration is to include information pertaining to the criteria set out in Local Rule 293(c).

    IT IS SO ORDERED.

Dated: August 27, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[3] August 12 is the date Plaintiff filed its reply (Doc. #74) agreeing to this proposed stipulation.

8