UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A.,<br><br>          Plaintiff,<br><br>     v.<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC.,<br><br>          Defendant. | No. 2:13-cv-1397-JAM-KJN<br><br><br><br>ORDER |

Presently before the court is defendant Sierra Pacific Mortgage Company, Inc.'s ("defendant") motion to compel plaintiff JP Morgan Chase Bank, N.A. ("plaintiff") to produce its written Seller and Servicing Contracts with the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") that concern the 12 mortgage loans at issue in this action in response to defendant's request for production numbers 2, 4, and 10.  (ECF No. 80.)  Defendant also requests the court to order plaintiff to supplement the Declaration of William Betz dated August 11, 2015, that plaintiff produced in response to the court's July 21, 2015 order directing plaintiff to provide defendant with a declaration stating whether any of the loans at issue in this action fell within the "credit back" provisions of plaintiff's October 2013 settlement agreements with Fannie Mae and Freddie Mac.  (Id.)

////

The court heard this matter on its December 10, 2015 law and motion calendar. Attorney Gregory Sudbury appeared for plaintiff. Attorney Navdeep Singh appeared for defendant. Based on the defendant's motion, the parties' joint statement, other relevant filings, and oral arguments, and for the reasons discussed on the record during the hearing, defendant's motion to compel (ECF No. 80) is GRANTED IN PART. Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to compel plaintiff's written Seller and Servicing Contracts with Fannie Mae and Freddie Mac regarding the 12 loans at issue in this action is DENIED without prejudice. Within 30 days from the date of this order, plaintiff shall provide defendant with a formal statement, via declaration or other appropriate means, that clearly and unequivocally reiterates its counsel's representation at the hearing that the representations and warranties and underwriting terms in plaintiff's Seller and Servicing Contracts with Fannie Mae and Freddie Mac concerning the 12 loans at issue are *exactly* the same as those contained within the relevant Fannie Mae and Freddie Mac Sellers Guides plaintiff has already produced to defendant. If plaintiff refuses to provide such a definite statement or defendant obtains information that leads it to reasonably believe that the representations and warranties and/or underwriting terms in the relevant Seller and Servicing Contracts materially differ from the Sellers Guides, then defendant may renew its motion to compel the written contracts or seek other appropriate relief from the court.

2. Defendant's request for an order directing plaintiff to supplement its declaration of William Betz is GRANTED. Within 30 days of the date of this order, plaintiff shall provide defendant with a supplemental declaration to the Declaration of William Betz that clearly sets forth what efforts were made to ascertain that the 12 loans at issue in this action were in no way impacted by either of the October 2013 settlement agreements plaintiff entered into with Fannie Mae or Freddie Mac.[1]

---

[1] As the court noted at the hearing, the supplemental response may require Mr. Betz, or another individual with personal knowledge of the efforts plaintiff made to determine that the 12 loans at issue in this action were not impacted by the October 2013 settlement agreements, to address the underlying settlement agreements to the extent needed to show that they did not impact the loans at issue. Accordingly, if it is later brought to the court's attention that the supplemental declaration addresses the topic in a manner that is equivocal or vague because plaintiff takes the

IT IS SO ORDERED.

Dated:  December 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

position that further clarification would reveal confidential information contained within the settlement agreements, appropriate sanctions may issue.

3