UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC.,<br><br>Defendant. | No. 2:13-cv-1397-JAM-KJN<br><br><br><br>ORDER |

On January 7, 2016, this case came before the undersigned to address plaintiff JP Morgan Chase Bank, N.A.'s ("plaintiff") motion to enforce the court's July 21, 2015 discovery order and motion to compel further discovery responses from defendant Sierra Pacific Mortgage Company, Inc. ("defendant") regarding various requests for production and deposition topics. (ECF Nos. 85, 88.) Attorney Gregory Sudbury appeared for plaintiff. Attorney Jonathan Jenkins appeared for defendant. Based on plaintiff's motions, the parties' joint statement, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, the court denies plaintiff's motion to enforce and grants plaintiff's motion to compel in part.

////

////

////

1

I.      Plaintiff's Motion to Enforce

Through this motion, plaintiff seeks to quash defendant's request for production numbers 7 and 8 contained in third-party subpoenas defendant served on the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") insofar as those requests seek to compel production of the October 2013 settlement agreements between plaintiff and these agencies and all documents or communications related thereto. The sole authority plaintiff cites in support of its request to quash the third-party subpoenas is the court's July 21, 2015 order denying defendant's motion to compel production of the October 2013 settlement agreements.  More specifically, plaintiff contends that defendant's request for production numbers 7 and 8 are little more than an attempt to circumvent the court's July 21, 2015 order and improperly obtain those documents.  However, contrary to what plaintiff suggests, the court's prior discovery order did not outright prevent defendant from seeking discovery of the settlement agreements.  Rather, it denied defendant's motion to compel the settlement agreements *without prejudice* to renewal if defendant was able to show that plaintiff's repayments to Fannie Mae and Freddie Mac for the loans at issue were impacted by the settlement agreements.  (ECF No. 63 at 8, 13.)  Plaintiff provides no other authority to support its position.

Furthermore, the court questions the propriety of plaintiff's request, which seeks to quash subpoena requests directed at third-party agencies, rather than plaintiff itself.  Defendant indicated in its opposition to this motion that both Fannie Mae and Freddie Mac have opposed its subpoena requests.  Accordingly, the court finds that it would be more appropriate to address the issue plaintiff raises in this motion through a properly noticed motion or motions to quash the subpoena requests brought by the third-party recipients of the subpoenas.[1]  Plaintiff's motion to

---

[1] As the court noted during the hearing on this matter, if plaintiff's forthcoming supplemental declaration of William Betz unequivocally indicates that the loans at issue in this action were in no way impacted by the October 2013 settlement agreements between plaintiff and Fannie Mae and Freddie Mac, the court will be disinclined to permit discovery relating to the topics identified in defendant's request for production numbers 7 and 8 in the subpoenas directed at Fannie Mae and Freddie Mac (other than to potentially ascertain whether there were any communications concerning the subject loans as set forth in request for production number 7).  However, if it appears from the supplemental declaration that the loans may have addressed or impacted by the October 2013 settlement agreements, the court informs the parties that it would be inclined to find

enforce is denied.

II.     Plaintiff's Motion to Compel Discovery

In its motion to compel, plaintiff identifies 12 separate discovery disputes between the parties relating to defendant's refusal to produce certain documents or deposition witnesses in response to certain discovery requests propounded by plaintiff.  The court discusses each dispute in turn in the manner set forth below.

1.     *Defendant's Repurchase Tracking Sheet*

First, plaintiff requests that the court compel defendant to provide its repurchase tracking sheet concerning the subject loans in response to plaintiff's request for production number 5. During the hearing defendant's counsel confirmed that defendant has already produced this document.  Accordingly, plaintiff's motion to compel is granted with respect to this document, but with the understanding that defendant has already produced it to plaintiff.

2.     *Defendant's Loan Operation System Notes*

Second, plaintiff requests the court to compel defendant to produce its loan operation system notes regarding the loans at issue in response to plaintiff's request for production number 24.  During the hearing, defendant's counsel represented that it is willing to produce these documents and has made attempts to do so, but that it has encountered some difficulties in locating them and will need some additional time to produce them.  Accordingly, plaintiff's motion to compel is granted with regard to this issue and defendant shall produce the relevant loan operation system notes to plaintiff within 7 days of the date of this order.

3.     *Fannie Mae's and Freddie Mac's Guidelines and Defendant's Overlays*

Third, plaintiff requests the court to compel defendant to produce Fannie Mae's and Freddie Mac's guidelines and defendant's overlays relevant to the underwriting of the loans at issue in response to plaintiff's request for production number 48.  In their joint statement and

---

defendant's request for production number 7 proper and to order production of documents responsive to that request if Fannie Mae or Freddie Mac, or both agencies, formally oppose production.  Moreover, the court may be willing to revisit its previous orders regarding discovery of the settlement agreements and discovery relating to the issue of the impact of those agreements on the loans at issue if it appears from the supplemental declaration that the loans were affected by the settlements.

during the hearing, the parties represented that defendant's overlays have already been produced. Defendant's counsel further represented during the hearing that defendant has already provided plaintiff with the relevant agency guidelines through prior production and that defendant would be willing to identify the documents it has produced that contain those guidelines. Accordingly, plaintiff's motion to compel is granted with regard to defendant's overlays, but with the understanding that defendant has already produced them to plaintiff. In addition, within 7 days of the date of this order, defendant shall identify for plaintiff by their Bates-stamp numbers any already-produced documents that contain the relevant Fannie Mae and Freddie Mac guidelines.

4.  *Purchase Advices for the Subject Loans*

Fourth, plaintiff requests the court to compel defendant to produce the purchase advices for each of the subject loans in response to plaintiff's request for production number 7. For the reasons stated on the record during the hearing, the court finds that these documents are relevant to the issues in this case and that, between the parties, defendant has greater access to these documents. Accordingly, plaintiff's motion to compel is granted with regard to these documents, and defendant shall produce them within 7 days of the date of this order.

5.  *Fannie Mae's Guidelines Defendant Claims Plaintiff Failed to Comply With*

Fifth, plaintiff requests the court to compel defendant to produce the Fannie Mae guidelines it claims plaintiff failed to comply with in response to plaintiff's request for production number 42. During the hearing, defendant's counsel noted that defendant had already provided plaintiff with two guidelines responsive to this request as exhibits to the deposition of Janet Lewis. However, defendant has not either produced to plaintiff all of the guidelines responsive to this request or identified that the guidelines already provided as deposition exhibits are the only guidelines responsive to this request. Accordingly, the court grants plaintiff's motion to compel with regard to this request. Within 14 days of the date of this order, defendant shall either verify to plaintiff that the only responsive guidelines are the ones defendant has already produced as deposition exhibits and identify where those exhibits are located, or produce all guidelines responsive to plaintiff's request.

////

   6. *Documents Relating to Defendant's Attempts to Sell the Loans at Issue to Parties Other than Plaintiff*

Sixth, plaintiff seeks to compel defendant to produce documents reflecting any communications defendant had with parties other than plaintiff regarding any attempts by defendant to sell the loans at issue in response to plaintiff's request for production number 11. Defendant's counsel indicated on the record that any such documents may no longer exist. However, for the reasons discussed during the hearing, the court finds that documents responsive to plaintiff's request are relevant to the issues in this case and that any such documents not subject to a privilege should be produced. Accordingly, within 14 days of the date of this order, defendant shall produce any non-privileged documents responsive to plaintiff's request for production number 11 accompanied by a privilege log for any responsive documents it has withheld. If, after defendant's counsel makes a reasonable inquiry with his client as to whether defendant possesses any documents responsive to this request, defendant determines that it has no responsive documents, then within 14 days of the date of this order it shall produce to plaintiff a written declaration stating that defendant does not possess any responsive documents and describing the efforts counsel took to make that determination.

   7. *Designation and Production of a PMK to Testify Regarding Defendant's Underwriting Guidelines Applicable to the Loans at Issue*

Seventh, plaintiff requests the court to order defendant to produce a person most knowledgeable ("PMK") for an additional deposition regarding defendant's underwriting guidelines applicable to the subject loans. During the hearing, plaintiff's counsel represented that the overlay documents defendant recently produced will likely provide plaintiff with the information it seeks with regard to this issue. Based on this representation, the court denies plaintiff's motion to compel with regard to this issue without prejudice. The court encourages counsel for the parties to communicate with one another regarding whether the overlay documents are sufficient to address plaintiff's questions regarding this topic, and if not, to cooperate with one another to set a further deposition to address any remaining questions.

////

8.      *Designation and Production of a PMK to Testify Regarding the Documentation Defendant was Required to Provide to Plaintiff for each of the Loans at Issue*

Eighth, plaintiff seeks to compel defendant to produce a PMK for a further deposition regarding the documentation defendant was required to provide to plaintiff for each of the subject loans.  During the hearing, counsel for both parties indicated that plaintiff's remaining questions regarding this area of inquiry relate to topics not originally included in its Rule 30(b)(6) deposition notice.  Defendant's counsel also indicated a willingness to provide witnesses for further deposition testimony regarding the topics plaintiff indicated it wished to pursue provided that plaintiff specifically notice those topics for deposition.  Accordingly, plaintiff's motion to compel is granted insofar as plaintiff may seek further deposition testimony regarding the additional topics its counsel identified during the hearing and any other topics to which the parties agree.  Within 7 days from the date of this order, the parties shall, if possible, informally, reach an agreement as to the further deposition topics for which plaintiff will seek further testimony and as to which person(s) defendant will designate to testify regarding those topics.[2]  If the parties are not able to address this issue informally, plaintiff shall provide defendant with a renewed 30(b)(6) notice of deposition specifying the remaining topics for which it seeks testimony.

9.      *Designation and Production of a PMK to Testify Regarding the Documents Provided to Plaintiff for Underwriting Review with Regard to the Loans at Issue*

Ninth, plaintiff requests that the court compel defendant to produce a PMK to give further deposition testimony regarding the documents defendant provided to plaintiff for underwriting review with regard to the subject loans.  Plaintiff's counsel noted at the hearing that plaintiff's unanswered questions as to this topic primarily relate to the timing of defendant's document delivery to plaintiff; not as to the documents themselves, which is the subject contained in plaintiff's Rule 30(b)(6) notice of deposition.   As with the eighth issue identified in plaintiff's motion to compel, counsel for the parties indicated at the hearing a willingness to address

---

[2] Defendant shall make a good faith effort to produce its person(s) most knowledgeable with regard to the agreed-upon topics, but may designate person(s) who may not be able to fully answer all of plaintiff's questions as to those topics if defendant holds a good faith belief that they are defendant's most knowledgeable person(s).

plaintiff's remaining questions as to this issue through further deposition testimony provided that plaintiff clarified what areas of inquiry remain.  Accordingly, plaintiff's motion to compel is granted with regard to this topic insofar as plaintiff may seek further deposition testimony regarding the additional topics its counsel identified during the hearing and any other topics to which the parties agree.  Within 7 days from the date of this order, the parties shall, if possible, informally, reach an agreement as to the further deposition topics for which plaintiff will seek further testimony and as to which person(s) defendant will designate to testify regarding those topics.  If the parties are not able to address this issue informally, plaintiff shall provide defendant with a renewed 30(b)(6) notice of deposition specifying the remaining topics for which it seeks testimony.

10.  *Production of Defendant's PMK Paul Hubbard to Testify Regarding the Documents Reviewed to Verify the Accuracy of Defendants' Responses to Plaintiff's First Set of Interrogatories*

Tenth, defendant requests the court to compel plaintiff to produce Paul Hubbard for an additional deposition addressing what, if any, documents or other information he reviewed in verifying defendant's responses to plaintiff's first set of interrogatories.  As the court stated during the hearing, plaintiff is entitled to information relating to what Paul Hubbard reviewed in preparing his attestation of defendant's responses.  Accordingly, plaintiff's motion to compel with regard to this issue is granted.   Plaintiff's counsel indicated during the hearing that a sworn declaration detailing what, if any, documents Paul Hubbard reviewed in verifying defendant's interrogatory responses in lieu of further deposition testimony should be sufficient to address plaintiff's concerns.  Therefore, within 7 days of the date of this order, defendant shall produce to plaintiff a sworn declaration by Paul Hubbard detailing the documents he reviewed, if any, in preparing his verification of defendant's responses to plaintiff's first set of interrogatories.  If after defendant produces this declaration, plaintiff still has questions or concerns regarding Paul Hubbard's verification, it may seek further deposition testimony from him.[3]

---

[3] As with the other issues addressed by this order, the court encourages counsel for the parties to informally work with each other to resolve any remaining issues plaintiff may have with regard to

7

11. *Designation and Production of a PMK to Testify Regarding the Purchase Price of the Subject Loans*

Eleventh, plaintiff requests the court to compel defendant to produce a PMK for further deposition testimony regarding the compensation defendant received when it sold the subject loans to plaintiff. During the hearing, plaintiff's counsel acknowledged that plaintiff will likely be able to obtain the information it seeks through this request through production of certain documents the court is compelling defendant to produce pursuant to this order. Accordingly, plaintiff's motion to compel with regard to this issue is denied without prejudice. If plaintiff believes that defendant's forthcoming production of documents pursuant to this order is insufficient to address plaintiff's questions regarding this issue, the court encourages the parties to informally work with one another to address those questions. Plaintiff may seek the court's intervention as to this issue only if the parties are unable to resolve it informally after making a good faith effort to do so.

12. *Production of Janet Lewis to Testify Regarding Plaintiff's Alleged Underwriting of the Loans at Issue*

Finally, plaintiff requests that the court order defendant to produce Janet Lewis to provide further deposition testimony regarding plaintiff's alleged underwriting of the loans at issue. During the hearing, defendant's counsel indicated that certain documents plaintiff has already produced to defendant should provide the information plaintiff seeks through additional deposition testimony and that defendant is willing to identify those documents within plaintiff's production that are responsive to this topic. Plaintiff's counsel agreed with this proposal. Accordingly, plaintiff's motion to compel is denied without prejudice with regard to this issue. Within 7 days of the date of this order, defendant shall produce to plaintiff a list identifying any documents in plaintiff's production that are responsive to this topic by their Bates-stamp numbers.

---

this topic after defendant's production of the declaration. Only if the parties are not able to resolve these issues after making good faith efforts towards a resolution may plaintiff seek to formally compel such testimony.

III.     Conclusion

For the reasons discussed above and on the record during the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to enforce (ECF No. 85) is DENIED.
2. Plaintiff's motion to compel (ECF No. 88) is GRANTED IN PART as follows:
   a. Plaintiff's motion to compel is granted with respect to issue number 1, but with the understanding that defendant has already produced the repurchase tracking sheet to plaintiff.
   b. Plaintiff's motion to compel is granted with regard to issue number 2.  Within 7 days of the date of this order, defendant shall produce the relevant loan operation system notes to plaintiff.
   c. Plaintiff's motion to compel is granted with regard to issue number 3, but with the understanding that defendant has already produced the responsive overlays to plaintiff.  Within 7 days of the date of this order, defendant shall identify for plaintiff by their Bates-stamp numbers any already-produced documents that contain the Fannie Mae and Freddie Mac guidelines responsive to plaintiff's request for production number 48.
   d. Plaintiff's motion to compel is granted with regard to issue number 4.  Within 7 days of the date of this order, defendant shall produce the purchase advices responsive to plaintiff's request for production number 7.
   e. Plaintiff's motion to compel is granted with regard to issue number 5.  Within 14 days of the date of this order, defendant shall either verify to plaintiff that the only guidelines responsive to plaintiff's request for production number 42 are the ones it has already produced as deposition exhibits and identify where those exhibits are located, or produce all guidelines responsive to plaintiff's request.
   f. Plaintiff's motion to compel is granted with regard to issue number 6.  Within 14 days of the date of this order, defendant shall produce any non-privileged

9

1 documents responsive to plaintiff's request for production number 11
2 accompanied by a privilege log for any responsive documents it has withheld.
3 If, after defendant's counsel makes a reasonable inquiry with his client as to
4 whether defendant possesses any documents responsive to plaintiff's request,
5 defendant determines that it has no responsive documents, then, within 14 days
6 of the date of this order, defendant shall produce to plaintiff a written
7 declaration stating that defendant does not possess any responsive documents
8 and describing the efforts its counsel took to make that determination.

g. Plaintiff's motion to compel is denied without prejudice with regard to issue number 7. The court encourages counsel for the parties to communicate with one another regarding whether defendant's overlay documents are sufficient to address plaintiff's questions regarding this issue, and if not, to collaborate with one another to set a further deposition to address those questions.

h. Plaintiff's motion to compel is granted with regard to issue numbers 8 and 9 insofar as plaintiff may seek further deposition testimony regarding the additional topics its counsel identified during the hearing and any other topics to which the parties agree. Within 7 days from the date of this order, the parties shall, if possible, informally, reach an agreement as to the further deposition topics for which plaintiff will seek further testimony and as to which person(s) defendant will designate to testify regarding those topics. If the parties are not able to address these issues informally, plaintiff shall provide defendant with a renewed 30(b)(6) notice of deposition specifying the remaining topics for which it seeks testimony.

i. Plaintiff's motion to compel is granted with regard to issue number 10. Within 7 days of the date of this order, defendant shall produce to plaintiff a sworn declaration by Paul Hubbard detailing the documents he reviewed, if any, in preparing his verification of defendant's responses to plaintiff's first set of interrogatories. If after defendant produces this declaration, plaintiff still has

questions or concerns regarding Paul Hubbard's verification, it may seek further deposition testimony from him.

j. Plaintiff's motion to compel is denied without prejudice with regard to issue number 11. If plaintiff believes that defendant's forthcoming production of documents pursuant to this order is insufficient to address plaintiff's questions regarding this issue, the court encourages the parties to informally work with one another to address those questions. Plaintiff may seek the court's intervention as to this issue only if the parties are unable to resolve it informally after making a good faith effort to do so.

k. Plaintiff's motion to compel is denied without prejudice with regard to issue number 12. Within 7 days of the date of this order, defendant shall produce to plaintiff a list identifying any documents in plaintiff's production that are responsive to this topic by their Bates-stamp numbers.

IT IS SO ORDERED.

Dated: January 13, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE