UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | No. 2:13-cv-1397-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| SIERRA PACIFIC MORTGAGE COMPANY, INC., | |
| Defendant. | |

Presently before the court are plaintiff JP Morgan Chase Bank, N.A.'s ("plaintiff") and defendant Sierra Pacific Mortgage Company, Inc.'s ("defendant") requests to seal documents. (ECF Nos. 116, 119.) For the reasons discussed below, the court denies both parties' requests to seal.

Local Rule 141(a) provides that "[d]ocuments may be sealed only upon written order of the Court." In general, there is a strong presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party may request the court seal certain documents upon a showing that such a request is warranted. In determining what standard to apply to requests to seal, the Ninth Circuit Court of Appeals distinguishes between non-dispositive and dispositive

1

1    motions.  Id. at 1180.
2         A party requesting to seal a document filed with a non-dispositive motion, such as the
3    parties' discovery motions here, needs to demonstrate "good cause."  Id.  This requirement is
4    because the public's interest in non-dispositive materials is weaker than its interest in dispositive
5    materials, which require the existence of "compelling reasons" before they may be sealed.  Id.;
6    Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).  To satisfy the "good cause"
7    standard, "the party seeking protection bears the burden of showing specific prejudice or harm
8    will result" if the request to seal is denied.  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,
9    307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific
10   examples or articulated reasoning" are insufficient.  Beckman Indus., Inc. v. Int'l Ins. Co., 966
11   F.2d 470, 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d
12   Cir. 1986)).
13        Here, plaintiff asks the court to seal the following documents:  (1) Plaintiff's
14   Supplemental Declaration of William R. Betz, filed as "Exhibit B" to plaintiff's appendix of
15   evidence in support of its motion to compel and in opposition to defendant's motion to compel
16   (the "Appendix") (ECF No. 115); (2) Plaintiff's Second Supplemental Declaration of William R.
17   Betz, filed as "Exhibit C" to the Appendix; (3) Federal National Mortgage Association's ("Fannie
18   Mae") Declaration of Joyce Amoo, filed as "Exhibit D" to the Appendix; (4) Deposition
19   Transcript of William R. Betz dated November 20, 2015, filed as "Exhibit E" to the Appendix;
20   (5) the transcript of the July 16, 2015 hearing before the undersigned, filed as "Exhibit K" to the
21   Appendix and located in the docket at ECF No. 72; (6) the transcript of the December 10, 2015
22   hearing before the undersigned, filed as "Exhibit O" to the Appendix and located in the docket at
23   ECF No. 93; and (7) the transcript of the January 7, 2016 hearing before the undersigned, filed as
24   "Exhibit Q" to the Appendix and located in the docket at ECF No. 109.  (ECF No. 116.)  Similar
25   to plaintiff, defendant also requests the court to seal Plaintiff's Supplemental Declaration of
26   William R. Betz.  (ECF No. 119.)  Defendant requests further that the court seal the parties' joint
27   statement filed in connection with defendant's pending motion to compel.  (Id.)
28   ////

2

With respect to all of the documents the parties request the court to seal, both parties assert that sealing is warranted because plaintiff has designated the documents as "confidential" pursuant to the Stipulated Confidentiality Protective Order filed at ECF No. 40 and because the documents contain confidential information regarding the contents of the October 2013 settlement agreements between plaintiff, Fannie Mae, and Freddie Mac that are the subject of defendant's pending motion to compel.  (ECF No. 116 at 2-4; ECF No. 119 at 2.)  Specific to its request, plaintiff also argues, without citing any supporting authority, that such documents reveal confidential information regarding Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") and that, as third parties not participating in this litigation, these agencies have a right to not have that information included in the public record.  (ECF No. 116 at 2-4.)  Finally, plaintiff contends, without further elaboration, that the information contained in the documents it requests to seal "could harm either [plaintiff] or the Agencies in future business dealings as [they] involve[ ] confidential, negotiated terms."  (Id.)

After considering the parties arguments in support of sealing and after reviewing the documents the parties request to seal, the court finds that the parties' requests do not meet the "good cause" requirement.  First, neither party provides any specific examples of harm that will result if the contents of the documents they request to seal are included in the publically available court record.  See Phillips ex rel. Estates of Byrd, 307 F.3d at 1210-11; Beckman Indus., Inc, 966 F.2d at 476.  At most, the parties assert that disclosure will cause some sort of vague harm to Fannie Mae and Freddie Mac and to plaintiff's future dealings with those agencies without providing any indication to why such harm will occur. Furthermore, a review of the documents the parties seek to seal—which include multiple transcripts of court hearings in this matter that have been a part of the public record for months prior to the parties' requests—strongly indicates that these documents do not contain the sort of confidential information that would warrant their sealing.  Indeed, many of the documents the parties seek to seal discuss what is *not* in the settlement agreements, rather than the terms of those agreements on which the parties rely to support their claims of confidentiality.  Furthermore, to the extent the documents do provide information regarding the settlement agreements, that discussion is minimal and general in nature,

3

1  appearing to reveal none of the specifics that would support sealing the entirety of the documents as the parties request.

2  In short, the court finds that neither party, nor any third party, will suffer undue prejudice or harm as a result of the documents the parties seek to seal being filed in the public record. Accordingly, the court denies both parties' requests to seal without prejudice to a renewed request that makes a more particularized showing as to why good cause exists to have the requested documents filed under seal.

3  In light of the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to seal (ECF No. 116) and defendant's motion to seal (ECF No. 119) are DENIED without prejudice.

IT IS SO ORDERED.

Dated:  February 24, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE